| | |
|---|---|
| United States of America, | Criminal No. 17-160 (DWF/KMM) |
| Plaintiff, | |
| v. | **RESTITUTION ORDER** |
| Nathan Allen Debruzzi, | |
| Defendant. | |

Nathan Allen Debruzzi, Petitioner-Defendant, *Pro Se*.

Katharine T. Buzicky, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

Pursuant to a plea agreement, Nathan Allen Debruzzi ("Defendant") entered a plea of guilty to one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) and was sentenced to a term of imprisonment of 108 months. (Doc. No. 42 at 1-2.) As a term of his plea agreement, Defendant agreed to payment of mandatory restitution in an amount to be determined by the Court. (Doc. No. 24 ¶ 4(f).) The United States of America (the "Government") now moves for restitution. (Doc. No. 63.) For the reasons discussed below, the Court grants the Government's request in part and orders the defendant to pay restitution in the amount of $1,000 per named victim, for a total amount of $2,000.

**BACKGROUND**

According to the factual basis for Defendant's plea agreement, in December of 2015, Defendant knowingly distributed child pornography through the use of peer-to-peer networking software, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). (Doc. No. 24 ("Plea Agreement") ¶ 2(a)-(c).) Defendant agreed that the penalties for this offense include payment of mandatory restitution, with the amount to be determined by the Court. (Plea Agreement ¶ 4(f).) The parties agreed that 18 U.S.C. §§ 2259 and 3663A, the Mandatory Victim Restitution Act ("MVRA") apply, requiring the Court to order restitution, but did not agree to the amount to be ordered. (*Id.* ¶ 9.) Defendant agreed that the Court "may order Defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction." (*Id.*)

At sentencing on April 17, 2018, the Court imposed restitution as a mandatory condition and reserved determination of the amount for 90 days. (Doc. No. 43 at 4.) Defendant's former counsel negotiated a restitution agreement with attorneys representing victims from two commonly traded series of child pornography. (Doc. No. 63 ("Govt. Mot.") at 2.) Through counsel, one group of victims withdrew their request and one agreed to restitution in the amount of $1,000. (*Id.*)

The Government supported the resolution and prepared a stipulation by the negotiated terms. (*Id.* at 2; *see also* Doc. 64 (unexecuted stipulation).) Before any agreement as to restitution was finalized, Defendant timely filed a *pro se* petition under 28 U.S.C. § 2255 in which he alleged ineffective assistance of counsel. (Doc. No. 48.)

On October 23, 2019, the Court denied Defendant's motion in a Memorandum and Order that acknowledged the issue of restitution remained unresolved in this case. (Doc. No. 60 at 4, n.3.)

The Government now seeks restitution for two victims, "Solomon" and "Andy," whose abuse is documented in series of child pornography from which Defendant had materials.[1] (Govt. Mot. at 2, 6.) Solomon previously agreed to $1,000; Andy was not part of the negotiated resolution. (*Id.* at 2.) The Government submitted victim impact statements and reports from the National Center for Missing and Exploited Children showing the quantity of victims' images that Defendant possessed to establish the harm suffered and ongoing injuries endured by the victims. (Doc. Nos. 65-67.) The Government notes that the prior negotiated amount of restitution for Andy was $1,000 but suggests restitution in the amount of $3,000 per victim is "an appropriate starting point," in keeping with the Government's customary request in such cases and the minimum authorized for "typical child pornography trafficking cases" under recently enacted legislation. (Govt. Mot. at 6-7 (citing the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299, December 7, 2018, 132 Sta.t 4383).) The Government also recommends that the Court order a higher amount of restitution to Andy because Defendant had more files containing depictions of Andy's abuse than he did of Solomon's abuse. (*Id.* at 6.)

---

[1] The Court herein uses pseudonyms chosen by the victims for use in restitution requests, as used by the Government throughout its Motion, in accordance with 18 U.S.C. § 3509(d).

Defendant does not dispute the basis for restitution in this case; however, he notes that he was never a party to the discussion or agreement by his former lawyer and any victims or the Government. (Doc. No. 69.) Defendant acknowledges the terms of the Plea Agreement and that he was apprised of the proposed stipulation and the Court's October 23, 2019 Order, but objects to the Government's motion on the ground that because no amount was determined within 90 days of his sentencing, the Government's motion is untimely. (*Id.*)

For the reasons discussed below, the Court grants the Government's request in part.

## DISCUSSION

**I.    Timeliness of the Government's motion**

The statute governing the procedure for issuance of orders of restitution under the MVRA provides that if the victim's losses are not ascertainable 10 days prior to sentencing, the Government or the probation officer must inform the sentencing court, "and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. 3664(d)(5). However, if the district court "at least makes clear at sentencing that it plans to order restitution, the fact that it misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." *United States v. Adejumo*, 848 F.3d 868, 870 (8th Cir. 2017) (citing *Dolan v. United States*, 560 U.S. 605, 611 (2010) (internal quotation marks omitted). This is true even where the delay is as much as nine months after the 90 days expired. *Id.* It is within a court's discretion to award restitution

after such a delay when only the amount is left open and a defendant is on notice that the court will order restitution and does not argue that the delay will cause him prejudice. *United States v. Thunderhawk*, 860 F.3d 633, 635-36 (8th Cir. 2017).

Defendant agreed that the MVRA requires restitution in this case and was aware that the Court may order restitution paid to "any victims of his crimes." (Plea Agreement ¶ 9.) Defendant has not disputed the harm done by his acts and will not suffer any prejudice from the entry of an order at this time. The Court finds that an order for restitution is appropriate under these circumstances.

## II.     Losses established

Generally, in ordering restitution, a district court should first determine who is a qualified victim, then calculate each victim's "actual, provable losses" based on a preponderance of the evidence, then determine whether the victim should receive the restitution or whether a third party has already provided compensation to the victim and is therefore entitled to the restitution. *United States v. Frazier*, 651 F.3d 899, 905 (8th Cir. 2011).

The analysis in cases involving child pornography offenses is complicated by the fact that it can be shown that a defendant possessed a victim's images and that a victim has outstanding losses caused by continuing traffic in those images, but "it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry." *Paroline v. United States*, 572 U.S. 434, 458 (2014). In this "special context," courts should order "a reasonable and circumscribed award" that takes into account both the defendant's indisputable role in causing losses to the victim

and the relative size of the defendant's role in the trade of the victim's images. *Paroline*, 572 U.S. at 459.

The Government has the burden to demonstrate the amount of the loss sustained by a victim as a result of the offense by a preponderance of the evidence. *Thunderhawk*, 860 F.3d at 636 (citing 18 U.S.C. § 3664(e)). Sworn victim statements outlining the losses which resulted from the crime in question provide sufficient information for the entry of a restitution order. *Id.*; *United States v. Adejumo*, 777 F.3d 1017, 1020 (8th Cir. 2015). A district court may rely on testimony and a basic knowledge of medical expenses in determining a reasonable restitution amount for treatment subsequent to the time the defendant possessed images of a victim even without documentation of each expense. *United States v. Emmert*, 825 F.3d 906, 911 (8th Cir. 2016), *cert. denied*, --- U.S. ----, 137 S.Ct. 1349 (2017). The amount of restitution must be determined without consideration of the economic circumstances of the defendant, and a district court may not decline to issue an order of restitution because of a defendant's economic circumstances. *Thunderhawk*, 860 F.3d at 637-38 (citing 18 U.S.C. §§ 2248(b)(4)(B), 3664(f)(1)(A)).

The court may consider the defendant's ability to pay in determining the schedule and terms for payment of restitution. *Id.* at 638 (citing 18 U.S.C. § 3664(f)(2)). Nominal periodic payments may be ordered where the economic circumstances of a defendant do not allow payments of any amount or the payment of the full amount ordered in the foreseeable future under any reasonable schedule of payments. *Id.* (citing 18 U.S.C. § 3664(f)(3)(B)).

The Court concludes that Defendant should pay $1,000 per victim. This amount is fair and reasonable in consideration of the typical award in such cases and the amount previously discussed. While the Court recognizes that Defendant possessed more images of Andy than of Solomon, there is not such a difference between the victims as to warrant a larger award, and the amount of $1,000 will meet "the basic purposes of restitution—that victims should be compensated and that defendants should be held to account for the impact of their conduct on those victims." *Thunderhawk*, 860 F.3d at 639 (quoting *Paroline*, 572 U.S. at 462) (internal quotation marks omitted).

### III. Nominal Payments

Defendant's presentence report shows that he has few assets, has struggled to maintain his finances independently, and is dependent on disability benefits. (Doc. No. 40 ¶ 90.) Based on Defendant's economic circumstances, the Court will implement a nominal payment plan and waive interest. *See* 18 U.S.C. §§ 3612(f)(3), 3664(f)(3)(A). The Court, however, reserves the right to review the plan once Defendant is released.

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that the government's Request for Restitution is **GRANTED IN PART** and **DENIED IN PART**:

1. Defendant Nathan Allen Debruzzi is responsible for mandatory restitution in the total amount of $2,000.00, payable to the victims below as follows:

    a. $1,000.00 to "Solomon;"

    b. $1,000.00 to "Andy."

2. The Court finds and concludes that Defendant does not have the ability to pay the restitution, and therefore the Court waives the interest and orders the following nominal payment plan:

    a. While in the custody of the Bureau of Prisons, Defendant shall pay $25.00 per quarter in restitution if he is working in a non-UNICOR job, and 25% of his monthly income if he is working in a UNICOR job.

    b. During the period of Defendant's supervised release, Defendant shall pay $25.00 per month in restitution. If Defendant becomes unemployed during his supervised release term, he shall have the right to move for a modification to this payment plan.

    c. Defendant's obligation to pay the full amount of restitution continues even after the term of supervised release has ended, pursuant to federal law. If Defendant is unable to pay the full amount of restitution at the time supervised release ends, Defendant may work with the U.S. Attorney's Office Financial Litigation Unit to arrange a restitution payment plan.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 20, 2019        s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge