## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-160 (DWF/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Nathan Allen Debruzzi, | |
| Defendant. | |

Nathan Allen Debruzzi, *Pro Se*

Craig R. Baune, Katharine T. Buzicky, and Laura M. Provinzino, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court upon Defendant Nathan Allen Debruzzi's ("Debruzzi") self-styled motions to terminate his restitution obligation (Doc. No. 79 ("Motion 1")) and to modify various special conditions of his supervised release (Doc. No. 80 ("Motion 2") (collectively with Motion 1 ("Motions")).[1]  The United States of America (the ("Government")) opposes Debruzzi's Motions.[2]  (Doc. No. 87.)  For the reasons set forth below, the Court respectfully denies Debruzzi's Motions.

---

[1]   The Court construes Motion 2 pursuant to 18 U.S.C. § 3583(e) to modify conditions of supervised release.  *See* 18 U.S.C. § 3583(e).

[2]   Debruzzi's response to the Government's opposition was due September 15, 2020.  (Doc. No. 82.)  Debruzzi did not file a response.

## BACKGROUND

On December 1, 2017, Debruzzi pled guilty to one count of Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a) and 2252(b)(1). (*See* Doc. Nos. 23, 24 ("Plea Agreement").) As part of his Plea Agreement, Debruzzi agreed that "the Court may order [him] to make restitution to any victim of his crime regardless of whether the victim was named in the Indictment or whether the victim [was] included in the count of conviction." (Plea Agreement ¶ 9.)

On April 17, 2018, this Court sentenced Debruzzi to 108 months' imprisonment to be followed by a life term of supervised release. (*See* Doc. Nos. 41, 42 ("Judgment").) In addition to the mandatory and standard conditions of supervised release, including restitution,[3] the Court also imposed several special conditions. (Judgment at 3-6.) The special conditions include: (a) abstaining from drugs, alcohol, or frequenting bars; (b) submitting to searches; (c) restricted use of computers or on-line services; (d) a ban on possessing child pornography and a restriction on possessing sexually stimulating material; (e) a requirement to provide Debruzzi's supervising officer access to financial information; (f) a restriction on associating with minors; (g) a requirement to participate in sex offender treatment; (h) a requirement to participate in mental health treatment; (i) a requirement to take prescribed medications; (j) a community service requirement; (k) a

---

[3]   At the time of sentencing and Judgment, the amount of restitution was deferred. As discussed below, the Court issued an amended judgment once the amount was determined. (*See* Doc. 75.)

restriction on obtaining lines of credit; and (l) a requirement to obtain a GED or high school diploma. (*Id*. at 5-6.)

Debruzzi did not file a direct appeal; however, he did timely file a motion under 28 U.S.C. § 2255 to vacate his sentence of 108 months' imprisonment and for resentencing.[4] (Doc. No. 48 ("§ 2255 Motion".)  On October 23, 2019, the Court found that the record completely foreclosed any notion that Debruzzi received ineffective counsel and denied his § 2255 Motion. (Doc. No. 60.)

On December 4, 2019, the Government moved for an order of restitution for victims "Solomon" and "Andy," who had presented timely requests. The Court granted that motion, ordering Debruzzi to pay $1,000 in restitution to each victim. (Doc. No. 70 ("Restitution Order") at 7-8.)  On March 6, 2020, the Court issued an amended judgment to reflect the restitution amounts. (Doc. No. 75 ("Amended Judgment").)  Debruzzi did not object to the Restitution Order.

Debruzzi now moves for relief from his restitution obligation (Motion 1), and asks the Court to remove all or part of special conditions (a), (d), (e), (f), (j), (k), and (l) of his supervised release (Motion 2). He contends that "Solomon" and "Andy" were not party

---

[4]  Debruzzi claimed four grounds for relief, all based upon what he argued was ineffective assistance on the part of his former counsel by:  (1) refusing to follow his wishes throughout his proceedings, (2) telling Debruzzi he was not there to help him, (3) failing to seek an evaluation that would benefit Debruzzi's case until prompted to do so by the Court, and (4) failing to pursue a favorable sentence by requesting a longer term of imprisonment than was ultimately imposed. Debruzzi also argued that he did not directly appeal his conviction because his attorney did not apprise him of his rights and options regarding an appeal. (*See* § 2255 Motion.)

to his restitution agreement, and alleges that he has never met, spoke to or with, or knew of their existence "before this case and the Government's notification" to each of them. (Motion at 1 at 1.)  With respect to the conditions of his supervised release, Debruzzi asserts a variety of arguments, including such things as:  (1) "he does not consume alcohol" and has no history of abuse, but "is an openly gay man who would time to time like to go to a bar or nightclub in the twin-cities;" (2) the ban on possessing sexually explicit material of adults is too broad, in part because "[g]ay porn is a part of the gay community and a tool of expression;"(3) there is no basis for him to provide his financial information to his supervising officer; (4) the ban on associating with minors is too broad because the legal age of consent is less than 18 years of age in some states; (5) he suffers from a mental disability that makes it difficult to participate in community service; (6) there is no basis to restrict his ability to obtain a line of credit; and (7) he has already earned his GED so the requirement to obtain it is moot.  (*See* Motion 2 at 1-3.)

## DISCUSSION

An order to pay Restitution is part of a criminal sentence.  *See, e.g.*, *United States v. Johnson*, 934 F.3d 716, 720 (7th Cir. 2019); *United States. v. Grant*, 715 F.3d 552, 554 (4th Cir. 2013).  To challenge a restitution order after the original sentencing, a defendant must timely file a notice of appeal.  *Manrique v. United States*, 137 S.Ct. 1266, 1271-72 (2017).  Once a sentence becomes final, the district court may only reconsider or alter the sentence if authorized by statute.  *See, e.g.*, *United States v. Addonizio*, 442 U.S. 178, 189 & n.16 (1979); *United States v. Washington*, 549 F.3d 905, 917 (3d Cir. 2008); *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not

4

have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.") (internal quotation marks omitted).

A term of supervised release is also "part of the sentence." 18 U.S.C. § 3583(a). Accordingly, the appropriate means to challenge the imposed conditions is through direct appeal. *United States v. Deatherage*, 682 F.3d 755, 757-58 (8th Cir. 2012) (noting that the Eighth Circuit has published multiple opinions addressing challenges to supervised released conditions imposed on sex offenders). Challenges that could have been made on direct appeal are typically procedurally barred via other statutes or rules. *See, e.g.*, *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (observing that relief under § 2255 is "severely limited"); *United States v. Bailey*, 235 F.3d 1069, 1071 (8th Cir. 2000) (finding the issue that could have been raised in direct appeal cannot be raised in § 2255 proceeding); *United States v. Jett*, 782 F.3d 1050, 1051-52 (8th Cir. 2015) (discussing narrow range of errors that Rule 35 may correct); *United States v. Winfield*, 665 F.3d 107, 114 (4th Cir. 2012) (questioning whether Rule 35 can be used to correct an error pertaining to supervised release).

Notwithstanding, the Court has discretion to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2); *see also United States v. Yankton*, 168 F.3d 1096, 1098 n.6 (8th Cir. 1999). Prior to modification, the Court must first consider the "factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(4), (a)(5), (a)(6) and (a)(7)." *See* 18 U.S.C. § 3583(e). "[W]hen considering whether to 'modify, reduce, or enlarge the conditions of supervision,' a court is limited to considering the sentencing

5

factors enumerated in § 3553(a), any applicable Federal Rules of Criminal Procedure, and applicable provisions for setting the initial conditions of supervised release." *United States v. Romig*, 00-cr-355 (JRT) 2014 WL 1048390 at *1 (D. Minn. 2014), quoting *United States v. Shipley*, 825 F. Supp. 2d 984, 988 (S.D. Iowa 2011) (internal quotation marks omitted).

Courts have also held that a condition should be imminent before a modification proceeding is proper. *See Romig* 2014 WL 1048390 at *1, *Shipley*, 825 F. Supp. 2d at 989; *see also*, *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks and citation omitted).) While there is no bright line as to when a claim becomes ripe for adjudication, the Eighth Circuit found that six months prior to release from the Bureau of Prisons was sufficient in one case. *See United States v. Rideout*, 478 F. App'x 339, 339 (8th Cir. 2012).

Here, the Court finds that Debruzzi's objection to restitution is untimely. Debruzzi did not object to the Judgment or Amended Judgment, nor did he file a direct appeal. Moreover, the record reflects that as part of his Plea Agreement, Debruzzi agreed that "the Court may order [him] to make restitution to any victim of his crime regardless of whether the victim was named in the Indictment or whether the victim [was] included in the count of conviction." (Plea Agreement ¶ 9.) The Court previously found that Debruzzi was responsible for mandatory restitution to both "Andy" and "Solomon." (*See* Restitution Order at 2-3, 7-8.) The Court is therefore unpersuaded by any of Debruzzi's

6

arguments that restitution to "Andy" or "Solomon" is now improper. Accordingly, the Court finds that Motion 1 fails both procedurally and on the merits.

Similarly, the Court finds that Motion 2 fails because Debruzzi did not object to the legality of his special conditions during sentencing or in direct appeal. Even if the Court were to consider Motion 2 on the merits, the Court finds no legal basis to remove all or part of any imposed condition of his supervised release. The Eighth Circuit has already considered and rejected arguments similar to those Debruzzi now makes. *See, e.g., United States v. Muhlenbruch* 682 F.3d 1096 (8th Cir. 2012) (upholding polygraph testing, computer/Internet restrictions, and pornography/sexually stimulating materials restrictions); *United States v. Wiedower*, 634 F.3d 490 (8th Cir. 2011) (upholding polygraph testing and pornography restrictions, but reversing broad computer restrictions); *United States v. Ristine*, 335 F.3d 692 (8th Cir. 2003) (upholding pornography restriction, computer/Internet restrictions); *United States v. Sherwood*, 850 F.3d 391 (8th Cir. 2017) (upholding and explaining the propriety of financial conditions when an order or restitution has been imposed).[5] This Court finds nothing novel in Debruzzi's arguments and is similarly unpersuaded.

Further, the Court finds that even if Debruzzi had a legitimate challenge to any imposed condition, his request would be immature. Debruzzi will be in prison for five more years. "Therefore, this is unlike cases in which defendant's imminent release from

---

[5] With respect to the GED requirement, the Court finds no modification is necessary when Debruzzi's supervising officer may simply note that the condition has been satisfied.

prison dictates that the court should examine the conditions for possible modification." *Romig*, 2014 WL 1048390 at *3. Accordingly, Debruzzi's request for any discretionary modification of his special conditions is not ripe.

## CONCLUSION

For the reasons set forth above, the Court respectfully denies Debruzzi's Motions. Motion 1 fails because it is procedurally barred and because Debruzzi's obligation to pay restitution to "Andy" and "Solomon" is both factually and legally correct. Motion 2 fails because it is procedurally barred. Moreover, Motion 2 also fails on the merits because there is no legal basis to remove all or part of any imposed condition of his supervised release, and because even if there was a proper challenge, the challenge would not yet be ripe.

## ORDER

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that Defendant Nathan Allen Debruzzi's self-styled motions to terminate his restitution obligation (Doc. No. [79]) and to modify various special conditions of his supervised release (Doc. No. [80]) are respectfully **DENIED**.

Date: September 25, 2020                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge