## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 17-160 (DWF/KMM)

        Plaintiff,

v.                                                                                **ORDER**

Nathan Allen Debruzzi,

        Defendant.

This matter is before the Court on Defendant Nathan Allen Debruzzi's ("Debruzzi") motions that the Court recommend a transfer within the Bureau of Prisons ("BOP") and for permission to reconsider or refile his prior motion for compassionate release.[1]  (Doc. Nos 109, 110, 116 (collectively, "Motion").  The United States of America (the "Government") opposes Debruzzi's Motion.[2]  (Doc. No. 112.)  For the reasons discussed below, the Court respectfully denies Debruzzi's Motion.

---

[1]     Debruzzi filed two identical motions on April 21, 2021, each including a request for transfer and for permission to reconsider or refile his prior motion for compassionate release.  (*See* Doc. Nos. 109, 110.)  On September 1, he filed another request to be transferred, reiterating the arguments in his previous motions .  (Doc. No. 116.)  For the purposes of citation, the Court references only Doc. Nos. 109 and 110 and uses a single page number because the documents are identical.

[2]     Debruzzi's reply to the Government's opposition was due July 27, 2021.  (Doc. No. 111).  On July 26, 2021, Debruzzi moved the Court for additional time to file his reply.  (Doc. No. 113.)  The Court granted Debruzzi's request and ordered that he file a reply on or before August 26, 2021.  (Doc. No. 114.)  Debruzzi did not file a reply.

**BACKGROUND**

On December 1, 2017, Debruzzi pled guilty to one count of Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a) and 2252(b)(1).  (*See* Doc. Nos. 23, 24.)  On April 17, 2018, this Court sentenced him to 108 months' imprisonment to be followed by a life term of supervised release.  (*See* Doc. Nos. 41, 42.)  Debruzzi is currently incarcerated at Marion USP in Marion, IL with an anticipated release date of June 2, 2025.[3]  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited September 9, 2021).

Debruzzi filed a *pro se* motion for compassionate release on August 14, 2020. (Doc. No. 81.)  He filed an updated motion on August 28, 2020 and a supplement five days later.  (Doc. Nos. 86, 89.)  Debruzzi was ultimately appointed counsel who filed a subsequent motion, incorporating and expanding upon the arguments in Debruzzi's previous three motions.[4]  *See* (Doc. Nos. 97, 100 ("Prior Motion").)  The Court denied Debruzzi's Prior Motion on February 3, 2021. (Doc. No. 108 ("Denial").)

Debruzzi now alleges that he has been subjected to sexual and physical violence while incarcerated at Petersburg Medium FCI in Hopewell, VA and asks this Court to order or recommend that he be transferred to Rochester FMC in Rochester, MN because

---

[3]     When Debruzzi filed his Motion, he was incarcerated at Petersburg Medium FCI in Hopewell, VA.  (Doc. No. 110-1.)

[4]     Debruzzi's Prior Motion was based in part on his argument that he suffers from physical and mental problems that his facility is unable to treat or accommodate.  (Prior Motion at 2-3.)

it is better equipped to accommodate inmates with disabilities.  (*See* Motion at 1-2; *see also* Doc. No. 116 at 1.)  He also asks the Court to "reopen, reconsider, or refile" his Prior Motion because prison staff has been ineffective at providing him with care and protection.  (Motion at 3-6.)

## DISCUSSION

The Court is mindful of Debruzzi's concerns and recognizes his strong desire to transfer to Rochester FMC.  Once a sentence is imposed, however, the BOP has sole discretion to determine an inmate's place of incarceration.  *See* 18 U.S.C. § 3621(b). Thus, while the Court can recommend a particular facility, the Court has no authority to direct the BOP to relocate Debruzzi to that facility.  The Court is hopeful that Debruzzi's transfer to Marion USP will prove to be a more hospitable environment and encourages him to petition the warden of that facility for a transfer if it is not.

The Court also respectfully declines to reconsider Debruzzi's Prior Motion. "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."[5]  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted).  A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an

---

[5]      Although motions for reconsideration are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.,* 838 F. Supp. 1346, 1348 (D. Minn. 1993).

The Court's Denial was based on a careful review of Debruzzi's Prior Motion and supporting documentation, including his medical records. (Denial at 5.) The Court concluded that compassionate release was not appropriate because Debruzzi failed to present an extraordinary and compelling reason, the Court could not conclude that Debruzzi no longer posed a danger to the community, and because the factors set forth in 18 U.S.C. § 3553 weighed against release.[6] (*Id.* at 5-8.) The Court understands that Debruzzi disagrees with its decision. Notwithstanding, the Court finds that Debruzzi does not provide additional evidence or information that alters the Court's conclusion with respect to his Prior Motion. The Court does not minimize the severity of Debruzzi's allegations; however, even if the Court could consider an entirely new basis for compassionate release upon a motion to reconsider, the Court still cannot conclude that release is appropriate when Debruzzi has served just a fraction of his sentence and remains a danger to the community.[7]

---

[6]     The Court specifically noted the challenges imposed by Debruzzi's physical and mental health concerns but found that no condition rendered him unable to provide self-care while in prison. (Denial at 5.) The Court also observed that important prison programming, including the treatment Debruzzi requires, is likely to resume as the COVID-19 vaccine is more widely distributed. (*Id.* at 6-7.)

[7]     Debruzzi's Prior Motion did not include claims of sexual or physical abuse. (*See* Prior Motion.) These new claims are more properly addressed upon a separate motion for compassionate release, subject to the procedural requirements of 18 U.S.C. 3582(c)(1)(A).

To the extent Debruzzi asks the Court to "refile" his Prior Motion based on his new claims, the Court notes that there is no procedural mechanism to do so. If Debruzzi feels that compassionate release is warranted in the future, the Court encourages him to petition the warden at his facility in accordance with the procedural requirements of 18 U.S.C. 3582(c)(1)(A), including identifying the specific basis for release. *See* 18 U.S.C. 3582(c)(1)(A). There is no limit on how many motions for compassionate release an inmate may file; however, the Court can consider any future motion only after Debruzzi fully exhausts his administrative remedies.[8]

## CONCLUSION

For the reasons set forth above, the Court respectfully denies Debruzzi's Motion. The Court lacks the authority to direct the BOP to place inmates in specific facilities, the Court declines to reconsider Debruzzi's Prior Motion, and there is no procedural mechanism to refile it. To the extent Debruzzi feels new circumstances warrant compassionate release, the Court encourages him to file a new motion, adhering to the procedural requirements set forth in 18 U.S.C. 3582(c)(1)(A).

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Nathan Allen Debruzzi's motions that the

---

[8]     A prisoner may file a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A).

Court recommend a transfer within the BOP and for permission to reconsider or refile his

prior motion for compassionate release (Doc. Nos [109], [110], [116]) are respectfully

**DENIED**.


Dated:  September 10, 2021                    s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge