UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                         Criminal No. 17-160 (DWF/KMM)

          Plaintiff,

v.                                                              **ORDER**

Nathan Allen Debruzzi,

          Defendant.

This matter is before the Court on Defendant Nathan Allen Debruzzi's ("Debruzzi") self-styled motion that the Court order the Federal Bureau of Prisons ("BOP") to give him three-months credit for hard time served in county jail prior to his sentencing. (Doc. No. 115 ("Motion").) The United States of America (the "Government") opposes Debruzzi's Motion. (Doc. No. 121.) For the reasons discussed below, the Court respectfully denies Debruzzi's Motion.

## BACKGROUND

On December 1, 2017, Debruzzi pled guilty to one count of Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a) and 2252(b)(1). (*See* Doc. Nos. 23, 24.) On April 17, 2018, this Court sentenced him to 108 months' imprisonment to be followed by a life term of supervised release. (*See* Doc. Nos. 41, 42.)

In delivering Debruzzi's sentence, the Court explained:

> And then I'm also going to be granting something, not unique to this case, it's really this next thing is more of a variance. Three months for what I'll call a hard time at Sherburne. Basically saying that the time you've been in custody there is equivalent of at least ten months, rather than a little over

    seven.  And so what that does, it's a sentence less than what the Government wants, more than what you were hoping for, but that creates a sentence of 108 months.

(Doc. No. 120 ("Sent'g Trans.") at 36.)

    Debruzzi is currently incarcerated at Marion USP in Marion, IL with an anticipated release date of June 2, 2025.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited October 15, 2021).

    Debruzzi now argues that the three-months credit he received for serving hard time at the Sherburne County Jail is not recorded anywhere and asks the Court to order the BOP to adjust his sentence accordingly.  (*See* Motion.)

## DISCUSSION

    When a defendant is dissatisfied with the BOP calculation of credit, he or she may file a 28 U.S.C. § 2241 petition in the appropriate district.[1]  *See United States v. Mohr*, 772 F.3d 1143, 1147 (8th Cir. 2014) (noting that the proper remedy to challenge credit against a federal sentence is to file a petition under § 2241) (citing *Setser v. United States*, 566 U.S. 231, 244 (2012)).

    Appropriate districts include: (1) the district in which Defendant is incarcerated; (2) the District of Washington, D.C. where the BOP is headquartered; and (3) any district in which the BOP keeps a regional office.  *See , e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495-99 (1973) (§ 2241 jurisdiction lies both in district

---

[1]    Granting deference to Debruzzi as a pro se litigant, the Court liberally construes his self-styled Motion as a petition under 28 U.S.C. § 2241.

of actual physical confinement and in district where court can serve process on custodian); *see also, Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 n.3 (8th Cir. 1981) (finding habeas jurisdiction existed in jurisdiction where BOP regional director could be located).

USP Marion, where Debruzzi is currently incarcerated, is located in the Southern District of Illinois. The BOP does not have a regional office in Minnesota. Because Debruzzi is not incarcerated in Minnesota and the BOP does not have a regional office in Minnesota, this Court does not have jurisdiction to consider his Motion.[2] Even if the Court did have jurisdiction, though, Debruzzi's Motion would fail on the merits because there is no outstanding credit to apply.

Specifically, the three-months credit for the hard time Debruzzi served in county jail was already factored into Debruzzi's 108-month sentence. At sentencing, the Court explained that because the seven-months Debruzzi served in county jail was particularly hard, the Court would give him credit for 10 months, arriving at a total sentence of 108 months.[3] (Sent'g Trans. at 36.) Debruzzi appears to misunderstand the statement the Court made at sentencing believing that he was entitled to an additional three-months

---

[2] Even if Debruzzi had filed his Motion in an appropriate district, it would still not be ripe for review because the record does not reflect that he has exhausted his administrative remedies. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000). (Before filing a § 2241 petition, a defendant must first exhaust their administrative remedies with BOP.)

[3] The Court described the credit as a "variance," and made the comment while discussing other departures and variances, and its overall approach to arriving at the 108-month sentence. (*See* Sent'g Trans. at 32-41.)

credit. This is not correct; the three-month sentence is already accounted for in Debruzzi's 108-month sentence. There is no additional credit to account for.[4]

## CONCLUSION

For the reasons set forth above, the Court respectfully denies Debruzzi's Motion. Even if the Court had jurisdiction to consider Debruzzi's Motion, the Motion fails on the merits because the three-month credit Debruzzi received for hard time served in county jail was already factored into his total sentence.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Nathan Allen Debruzzi's motion that Court order the Federal Bureau of Prisons ("BOP") to give him three-months credit for hard time served in county jail prior to his sentencing (Doc. No. [115]) is respectfully **DENIED**.

Dated:  October 18, 2021                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

---

[4]     Even if there were time to account for, the Court lacks the authority to calculate credit for pre-sentence jail time once a sentence has been pronounced. *See generally United States v. Wilson*, 503 U.S. 329, 333-35 (1992).